Filed 9/22/25  P. v. Aguilera CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085946 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. BAF1901077) |
| RUBEN AGUILERA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Matthew Perantoni, Judge.  Reversed and remanded with directions.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

California's One Strike law (Pen. Code,[1] § 667.61) prescribes an alternative, more severe penalty scheme when a defendant commits certain sex offenses under aggravated circumstances. The penalty can be 15 years to life, 25 years to life, or life without the possibility of parole depending on the offenses and circumstances pled and proven. Here, defendant Ruben Aguilera was convicted of four sex offenses against two victims, including two counts of committing a lewd act upon a child under the age of 14. The trial court imposed 25-year-to-life terms on those two counts pursuant to section 667.61, subdivision (j)(2) of the One Strike law, which applies when a defendant commits a qualifying sex offense against multiple victims under the age of 14.

Aguilera claims these 25-to-life terms are unauthorized and violate due process because the prosecution failed to give fair notice that it sought this penalty on the lewd act counts. The Attorney General concedes the operative pleading was defective, but maintains the issue was forfeited and the error harmless. As we explain, we agree Aguilera lacked timely, adequate notice of the challenged penalties, and further conclude that the Attorney General failed to carry his burden of establishing harmless error. We will remand to the trial court to strike the 25-to-life terms and resentence Aguilera.

**FACTUAL AND PROCEDURAL BACKGROUND**

Between 2011 and 2016, Aguilera sexually abused his young daughters. As to one daughter, the prosecution alternatively charged continuous sexual abuse of a child under the age of 14 (§ 288.5; count 1) and committing a lewd act upon a child under the age of 14 (§ 288, subd. (a); count 2). Regarding the other daughter, he was charged with two counts of rape of a child under the

---

[1]     Further statutory references are to the Penal Code.

age of 14 (§ 269, subd. (a)(1); counts 3 & 4) and one count of committing a lewd act upon a child under the age of 14 (§ 288, subd. (a); count 5). On all five counts, the prosecution made the following One Strike allegation:

> "It is further alleged that in the present case and cases defendant(s) committed a qualifying sex offense against more than one victim as listed in Penal Code section 667.61, subdivision (e)(4). [15-L, 25-L, LWOP]"

Two aggravating sentencing factors were also alleged. (Cal. Rules of Court, rule 4.421(a)(1) & (11)).

Aguilera's first trial resulted in a mistrial when the jury hung on all offenses charged. Following his second trial, a jury found Aguilera not guilty of continuous sexual abuse of a child (count 1) but convicted him on the remaining counts. It found true the One Strike allegation as to counts 2 and 5 only. Specifically, it determined that Aguilera "committed a qualifying sex offense against more than one victim as listed in Penal Code section 667.61, subdivision (e)(4)." It did not return findings on the One Strike allegation for the remaining counts or the aggravating sentencing factors.

In its sentencing brief, the prosecution asked the trial court to sentence Aguilera to 80 years to life in prison, comprised of two terms of 15 years to life for the rape offenses (counts 3 and 4) and two terms of 25 years to life for the lewd act offenses (counts 2 and 5), all to run consecutively. The prosecution argued that 25-year-to-life terms for the lewd act offenses were authorized under section 667.61, subdivision (j)(2) because the offenses were committed against multiple victims under the age of 14.

During the sentencing hearing, defense counsel objected to the court imposing 25-to-life terms under section 667.61, subdivision (j)(2):

"The defense would object to that because the enhancement was pled in the Information only under 667.61, sub (e), sub (4), and not specifically under 667.61(j)(2). Additionally, the jury did not make findings specific to a 667.61(j)(2) finding. The maximum penalty authorized for the jury verdict, given the forms that were used, and given the Information, is 15 to life under 667.61, subdivision (b)."

In response, the prosecutor argued that the One Strike allegations in the operative information included "a triad" with a 25-to-life term—"[15-L, 25-L, LWOP]"—and that the underlying offenses required the jury to find the victims were under the age of 14. Taken together, he maintained these factors allowed the court to impose 25 years to life on the lewd act counts.

The court agreed with the prosecution that the One Strike allegations "were properly pled and gave sufficient notice." As a result, the judge believed he was "bound to follow the law and impose a sentence of 25 years to life on each" lewd act count. Two terms of 15 years to life were added for the rape counts, for a total indeterminate sentence of 80 years to life.

## DISCUSSION

The One Strike law mandates a prison sentence of 15 years to life, 25 years to life, or life without the possibility of parole when a jury has convicted a defendant of a qualifying sex offense—listed in section 667.61, subdivisions (c) and (n)—and has also found true one or more aggravating circumstances. As relevant here, committing a lewd act upon a child under the age of 14 (§ 288, subd. (a)) is an offense that could subject a defendant to a term of 15 years to life or 25 years to life in prison, depending on the circumstance(s) the jury finds true. (§ 667.61, subds. (a), (b), & (c)(8).)

Subdivision (b) of section 667.61 states that "[e]xcept as provided in subdivision (a), (j), (*l*), or (m), a person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e)

4

shall be" sentenced to "15 years to life" in prison.  One of the circumstances listed in subdivision (e) is the defendant committed a qualifying sex offense "against more than one victim."  (§ 667.61, subd. (e)(4).)  "Thus, a defendant convicted of lewd acts against two victims must be imprisoned for 15 years to life.  (*Id.*, subds. (b), (c)(8), (e)(4).)"  (*People v. Nash* (2023) 87 Cal.App.5th 483, 491 (*Nash*).)

But under subdivision (j)(2) of section 667.61—one of the exceptions to subdivision (b)—"[a] person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age, shall" receive "25 years to life" in prison.  "Put together, a defendant convicted of lewd acts against two victims, each under the age of 14, faces exposure of 25 years to life on each count under the One Strike law."  (*Nash*, *supra*, 87 Cal.App.5th at p. 492.)

Notwithstanding potential exposure based on the circumstances of an offense, "[a] defendant has a due process right to fair notice of any sentencing allegation that, if proven, will increase the punishment for a crime.  In the sentencing enhancement context, the touchstone of fair notice is whether the accusatory pleading enables the defense to predict the sentence the defendant faces if convicted.  To enable a defendant to make this prediction, an accusatory pleading must provide the defendant with fair notice of the factual basis on which the prosecution is seeking an increased punishment and of 'the potential sentence.'  [¶]  When the prosecution has not alleged a particular sentencing enhancement in connection with a specific count, a 'defendant is ordinarily entitled to assume the prosecution made a discretionary choice not to pursue the enhancement . . . and to rely on that choice in making decisions such as whether to plead guilty or proceed to trial.' "  (*In re Vaquera* (2024) 15 Cal.5th 706, 717 (*Vaquera*), citations

5

omitted.) These due process principles apply to One Strike allegations. (*Id*. at p. 718.) "[T]o satisfy due process, an accusatory pleading must inform the defendant that the prosecution is relying on specific facts to support imposition of a particular One Strike sentence." (*Id*. at p. 719.)

In *Vaquera, supra*, 15 Cal.5th 706, the Supreme Court provided some examples of how the prosecution can provide proper notice. In the One Strike allegation, the prosecution can describe the factual circumstances on which it relies and cite the One Strike law generally (§ 667.61). While reference to the specific subdivision invoked would be clearer, it is not necessary in that scenario. Alternatively, the prosecution can specify in the One Strike allegation the sentence it seeks and describe the factual circumstances on which it relies to support that sentence. Or, the One Strike allegation can "make[] clear that the prosecution intends to rely on the facts alleged in connection with the underlying count" in combination with the specific sentence sought and/or the subdivision of section 667.61 invoked. (*Vaquera*, at pp. 720, 725 & fn. 12.)

Here, we agree with the parties that the One Strike allegations did not give Aguilera fair notice that the prosecution would pursue 25-year-to-life terms on the lewd act counts under section 667.61, subdivision (j)(2) based on the victims' ages.[2] As noted above, that allegation provided as follows:

_____

[2] We reject the Attorney General's assertion that Aguilera forfeited this claim on appeal. During the sentencing hearing, defense counsel plainly objected to imposition of 25-to-life terms on the lewd act counts on grounds that the section 667.61, subdivision (j)(2) circumstance was not pled in the information *and* that the jury did not find that circumstance true beyond a reasonable doubt. It is clear that the prosecutor and the court understood the objection to embrace the fair notice issue, as the prosecutor highlighted the "triad" appended to the One Strike allegation and the court specifically found the circumstance was "properly pled and gave sufficient notice . . . ."

6

"It is further alleged that in the present case and cases defendant(s) committed a qualifying sex offense against more than one victim as listed in Penal Code section 667.61, subdivision (e)(4). [15-L, 25-L, LWOP]"

This allegation does not describe the factual circumstance that the victims were under the age of 14, nor does it incorporate the facts alleged in connection with the underlying lewd act counts. (See, e.g., *Vaquera, supra,* 15 Cal.5th at p. 725, fn. 12.) The allegation also fails to reference section 667.61, subdivision (j)(2) or specify the One Strike penalty the prosecution intended to pursue. Contrary to the prosecution's argument in the trial court below, it is *not* enough that the ages of the victims were alleged in the underlying counts themselves. Likewise, the appendage of "15-L, 25-L, LWOP"—the entire range of possible penalties under the One Strike law— did not afford Aguilera notice of the *particular* sentence being sought. (See *Vaquera*, at pp. 718–719 [rejecting the argument that "the prosecution provides fair notice so long as it alleges the facts that support the One Strike sentence somewhere in the charging document and generally apprises the defendant of the potential for an enhanced penalty"].)

Thus, the critical question in this case is whether Aguilera is entitled to resentencing. The Supreme Court has recognized that in cases where the record indicates the prosecution failed to charge a particular One Strike circumstance because of a discretionary charging decision—as opposed to a mistake or other excusable neglect—"the doctrines of waiver and estoppel, rather than harmless error, apply." (*People v. Mancebo* (2002) 27 Cal.4th 735, 749.) Aguilera claims the record here shows the prosecution deliberately chose to forgo the 25-to-life penalty under section 667.61, subdivision (j)(2), so he is entitled to have his sentence automatically reduced to 15 years to life on the lewd act counts. The Attorney General, on the other hand, insists that

7

harmless error analysis applies, and the pleading error here was harmless because Aguilera had actual, timely notice that the prosecution was pursuing the 25-to-life sentence under subdivision (j)(2).

As in *Vaquera*, we need not decide whether the prosecution waived its right to pursue the more severe penalty under section 667.61, subdivision (j)(2).  Even assuming a prejudice analysis applies, we conclude Aguilera is entitled to resentencing because the Attorney General has failed to carry his burden of establishing the due process violation was harmless.  (*Vaquera, supra*, 15 Cal.5th at p. 726.)  The Attorney General points to three places in the record that, in his view, affirmatively demonstrate Aguilera understood he faced the 25-to-life penalty under subdivision (j)(2).

First, before Aguilera's original trial, the court asked defense counsel whether Aguilera wanted to try the aggravating sentencing factor allegations to the jury or the court.  Counsel responded:

> "I would be requesting that the jury make the determination.  By my estimation, the only way this would be something that would need to occur is if the jurors convicted as to Count 1 or 2, because they're an alternative, or Count 5.  If they convict of all those things, then it's irrelevant because *it's an indeterminate 15 to 25 life sentence.*  [¶]  So it seems extremely unlikely that we are going to cross this bridge . . . ."  (Italics added.)

Second, in the middle of trial, the prosecution objected to the defense presenting additional character witnesses on grounds that the evidence had become cumulative.  In opposition, defense counsel maintained:

> "The People had ample opportunity to present all the evidence that they wanted.  The defense case has taken, at this point, less than a full day.  And I have every anticipation if we start now, we will be done before 2:30.  So it is less than hour of testimony, and Mr. Aguilera is

8

looking at *being in prison for the rest of his life.*" (Italics added.)

Finally, on the eve of retrial, the prosecution offered a plea deal in which Aguilera could plead guilty to the lewd act counts in exchange for six years in prison. Aguilera rejected the offer. The court addressed him:

> "I know your attorney has talked to you, so I'm not going to belabor it too much, but I just want to make sure that you understand that if you are convicted of what the district attorney has charged you with, this Court, me, has no choice but to sentence you to spend the rest of your life in state prison. I don't have any discretion, which means, even if I were to, you know, think that that was not a fair sentence, or some other reason, it wouldn't matter. I would have no choice but to *sentence you to spend the rest of your life in state prison.* I just want to make sure that you understand that before we proceed and pick a jury." (Italics added.)

Aguilera confirmed he understood and wanted to proceed with trial.

The foregoing exchanges fall short of clearly establishing that Aguilera knew the prosecution was seeking 25-to-life terms on the lewd act counts under section 667.61, subdivision (j)(2) based on the victims' ages. In reviewing defense counsel's remarks regarding the aggravating sentencing factors, we understand counsel to be saying those factors—which, if found true beyond a reasonable doubt, would allow the court to select the upper term in imposing a determinate sentence (see § 1170, subd. (b)(2))—would become significant if the jury convicted Aguilera of counts 1, 2, or 5 only. This is because—absent any One Strike circumstances—continuous sexual abuse of a child carries a penalty of six, 12, or 16 years in prison (§ 288.5; count 1) and committing a lewd act with a child under the age of 14 carries a penalty of three, six, or eight years in prison (§ 288, subd. (a); counts 2 & 5).

9

Counsel's intended meaning in referring to "an indeterminate 15 to 25 life sentence" if the jury were to "convict of all those things" is simply too ambiguous to demonstrate a clear understanding that the prosecution was seeking 25-to-life terms on the lewd act counts under section 667.61, subdivision (j)(2). By "those things," it seems entirely possible that counsel meant all of the offenses charged, since Aguilera faced an indeterminate sentence if convicted of one or both rape offenses (§ 269, subd. (a)(1); counts 3 & 4), which carried 15-year-to-life penalties without any One Strike circumstances. And, as Aguilera points out, there is no such thing as a "15 to 25 life sentence."

With respect to the remaining two record references relied on by the Attorney General—counsel's comment that Aguilera was "looking at being in prison for the rest of his life," and the court's similar remark that it would have "no choice but to sentence [him] to spend the rest of [his] life in state prison" if found guilty as charged—they are even less convincing that Aguilera had actual, timely notice. As previously mentioned, if convicted of even one rape offense Aguilera faced a 15-to-life sentence. He also faced a 15-to-life terms if the jury found true the multiple-victim circumstance under section 667.61, subdivisions (b) and (e)(4) as to the lewd act counts. In either case, Aguilera could spend the rest of his life in prison if he were never granted parole. Observing that he faced life imprisonment therefore said nothing about whether the prosecution was pursuing 25-to-life terms on the lewd act counts under section 667.61, subdivision (j)(2).

Accordingly, we are left to assume the defense first became aware that the prosecution was pursuing the challenged penalties via its sentencing brief and the probation report. Indeed, this is supported by the fact that defense counsel objected to the 25-to-life terms on the lewd at counts during

10

sentencing on grounds that the section 667.61, subdivision (j)(2) circumstance was not pled in the operative information. Presumably, had the defense understood that the prosecution was seeking this heightened penalty all along, counsel would not have objected on this basis. The Attorney General is required to establish that Aguilera "was aware of the sentence the prosecution was seeking at a time when he could have taken his sentencing exposure into consideration in making key decisions about how to conduct his defense, 'including whether to plead guilty, how to allocate investigatory resources, and what strategy to deploy at trial.' " (*Vaquera, supra*, 15 Cal.5th at p. 727.) He has not met that burden. It was too late for Aguilera to learn that the prosecution was seeking the 25-to-life terms for the first time just before sentencing. (See *ibid.*)

## DISPOSITION

We remand to the trial court with directions to strike the 25-year-to-life terms imposed on counts 2 and 5 and to resentence Aguilera. Thereafter, the clerk shall forward a certified copy of the amended abstract of judgment to the Department of Corrections. The judgment is otherwise affirmed.


DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


RUBIN, J.


11